**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2772-16T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

  v.

JUAN V. COELLO, a/k/a JUAN CARLOS
COELLO, JUAN COELLO VELASQUEZ and
JUAN C. COELLO VELASQUEZ,

      Defendant-Appellant.

_____

Submitted June 18, 2018 – Decided July 6, 2018

Before Judges Fisher and Fasciale.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No.
16-02-0599.

Howard W. Bailey, attorney for appellant.

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Matthew
E. Hanley, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

    Defendant was indicted and charged with a host of offenses.

In September 2016, by way of a plea agreement, he pleaded guilty

to one count of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), and one count of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); the State agreed to dismiss the other twenty-one counts. In conformity with the plea agreement, defendant was sentenced in January 2017 to a twenty-one-year prison term, all of which was without parole eligibility pursuant to the Jessica Lunsford Act, N.J.S.A. 2C:14-2.

Defendant appeals and presents the following argument:

> THE COURT ERRED IN FAILING TO ALLOW DEFENDANT THE RIGHT TO TESTIFY OR PRESENT ANY EVIDENCE BEFORE DETERMINING IF THE PROSECUTOR HAD ABUSED ITS DISCRETION IN OFFERING AN INCREASED PLEA OFFER TO THE DEFENDANT.

We find no merit in this argument, recognizing that defendant may pursue his contentions about what his original trial attorney told or advised him (or didn't tell or advise him) about an earlier plea offer may be pursued by a post-conviction relief petition.

To expand on this determination, we note that in 2014 the Attorney General adopted guidelines for cases governed by the Jessica Lunsford Act. Under these guidelines, the initial minimum plea offer to someone in defendant's position could be no less than fifteen years. The guidelines also incorporate an escalating policy after rejection of the initial offer. See generally Uniform Plea Negotiation Guidelines to Implement the Jessica Lunford Act, L. 2014, c. 7 (May 29, 2014).

Defendant contends the prosecution acted arbitrarily and capriciously in increasing the plea offer from fifteen to twenty-one years. He also contends the trial judge's method for ascertaining compliance with the guidelines was flawed.

As for the second aspect of his argument, defendant contends the judge erred by taking testimony from the assistant prosecutor — about both the initial fifteen-year plea offer and defendant's rejection of it — without also taking testimony from defendant and the attorney to whom the offer was conveyed. Defendant asserts that the fifteen-year offer was not conveyed to him and that he was not made aware of the Attorney General's escalating plea policy. When this argument was posed in the trial court, the judge responded that it did not matter and that defendant's contentions about what was actually conveyed to him and what was explained to him about the guidelines was not relevant to whether the prosecution made the initial plea offer or whether the offer constituted an abuse of discretion.

We agree. Defendant's contentions regarding his attorney's alleged failure to convey a plea offer or the alleged failure to counsel him about the consequence of a rejection are questions germane only to the effectiveness of counsel. Consequently, we reject defendant's argument about the trial court proceedings, as well as any other arguments that might be discerned from his

appellate submissions. Questions regarding the effectiveness of counsel are best examined and resolved at the post-conviction-relief stage.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION